**Antoinette GROOVER, as Widow and Administratrix of the Estate of James B. Groover, Sr., deceased, on behalf of herself and her children, Plaintiff,**

v.

**WEST COAST SHIPPING CO., INC., Defendant.**

**No. 79 Civ. 1161 (RWS).**

United States District Court, S. D. New York.

Sept. 26, 1979.

Marvin Schwartz, New York City, for plaintiff.

Michael D. Martocci, New York City, for defendant.

OPINION

SWEET, District Judge.

Pursuant to the Merchant Marine Act of 1920, commonly referred to as the Jones Act, 46 U.S.C. § 688 (1976), plaintiff Antoinette Groover commenced this action to recover damages for the wrongful death of her husband James B. Groover, Sr. Defendant West Coast Shipping Company ("West Coast") now moves pursuant to Rule 12(b)(6), Fed.R.Civ.P., to dismiss the action. Since the papers submitted by the parties are accompanied by affidavits and exhibits seeking to support their respective positions, defendant's motion shall be treated as a motion for summary judgment in accordance with Rules 12(c) and 56, Fed.R.Civ.P. As the court stated in *Keating v. BBDO International, Inc.,* 438 F.Supp. 676, 679–80 (S.D.N.Y.1977), "[T]here is ample authority for the proposition that once the court decides to accept extra-pleading material, it *must* convert the 12(b)(6) motion into a Rule 56 motion." (emphasis in original) (citations omitted). Because there is no genuine issue as to any material fact and because the movant is entitled to judgment as a matter of law, summary judgment is granted in favor of defendant West Coast.

The Jones Act provides, in relevant part:

. . . [I]n case of the death of any seaman as a result of any . . . personal injury [sustained in the course of his employment] the personal representative of such seaman may maintain an action for damages at law . . . . Jurisdiction in such actions shall be under the court of the district in which the *defendant employer* resides . . .

46 U.S.C. § 688 (1976) (emphasis added). It is well settled that the Jones Act confers a cause of action only against the employer of an injured seaman. *See Moragne v. States Marine Lines*, 398 U.S. 375, 394, 90 S.Ct. 1772, 26 L.Ed.2d 339 (1970); *Williams v. McAllister Bros., Inc.*, 534 F.2d 19, 21 (2d Cir. 1976); *Mahramas v. American Export Isbrandtsen Lines, Inc.*, 475 F.2d 165, 170 (2d Cir. 1973). Thus, in order to sustain this suit against West Coast, plaintiff must show that West Coast was her husband's employer.

It is undisputed that at the time of his injury, James Groover was employed by Hendy International Co. ("Hendy"). The deceased was never directly employed by West Coast. Rather West Coast purchased the assets of Hendy, including a charter of the vessel on which Mr. Groover worked, on November 30, 1977, over two weeks after the date of Mr. Groover's fatal accident on November 12, 1977.

■ In general, a corporation that purchases the assets of another corporation does not assume the liabilities of the selling corporation. *Copease Manufacturing Co. v. Cormac Photocopy Corp.*, 242 F.Supp. 993, 1013 (S.D.N.Y.1965). No facts have been presented to the court or alleged in the pleadings to establish that West Coast either expressly or impliedly assumed the rights and obligations of Hendy. The allegation that West Coast was able to succeed to the tax accounts of Hendy for purposes of computing state and Federal unemployment and disability taxes (Complaint, Clause Fifth and Exhibit 3) does not indicate any assumption of liabilities by West Coast.

However, plaintiff has sought to invoke the exception to this general rule of nonliability that a purchasing corporation will be held liable for the liabilities of a selling corporation if "the successor corporation is a mere continuation of the seller." *Ladjevardian v. Laidlaw-Coggeshall, Inc.*, 431 F.Supp. 834, 839 (S.D.N.Y.1977). In *Ladjevardian*, the court stated, "A continuation envisions a common identity of directors, stockholders and the existence of only one corporation at the completion of the transfer. [Citation omitted]. What it accomplishes is something in the nature of a corporate reorganization, rather than a mere sale." *Id. See also Fehl v. S.W.C. Corp.*, 433 F.Supp. 939, 946–47 (D.Del.1977); *Kloberdanz v. Joy Manufacturing Co.*, 288 F.Supp. 817, 821 (D.Colo.1968).

■ In the instant case plaintiff has failed to allege any facts which could bring West Coast within this "mere continuation" exception to the general rule of non-liability. The fact that West Coast operates many of the vessels that were formerly operated by Hendy and employs many former employees of Hendy (Affidavit of Marvin Schwartz, p. 5 (June 12, 1979)) does not demonstrate that West Coast represents a reorganization of Hendy or a mere shift in corporate form. Plaintiff has made no showing of a common identity between the stockholders and trustees of Hendy and West Coast. Moreover, there is no allegation that Hendy received unfairly low compensation for the sale of its assets to West Coast.

A final factor that the court finds relevant is that Hendy, though a shell corporation, has continued to exist following the sale of assets to West Coast. Moreover, plaintiff has not disputed defendant's claim that Hendy retains insurance coverage for claims such as that presented by Mrs. Groover. (Affidavit of Michael D. Martocci, p. 2–3 (May 8, 1979); Reply affidavit of Michael D. Martocci, p. 2 (June 14, 1979)). Indeed, Hendy is currently a defendant in a companion suit by Mrs. Groover that is be-

ing litigated before this court. *Groover v. Banker's Trust Co., et al.*, 78 Civ. 914. Thus plaintiff will not be deprived of her day in court if the instant action is dismissed.[1]

The facts of the instant case are even more appropriate for summary judgment than those presented in *Ladjevardian v. Laidlaw-Coggeshall, Inc., supra.* In that case, stock brokerage accounts were sold to a newly formed corporation, which assumed the name of its predecessor. The owner of the accounts sued the successor for breaches of trust allegedly committed by the predecessor, urging that the predecessor was "no more than an 'inactive shell.'" *Id.* at 838. The court granted summary judgment in favor of the purchasing corporation, holding that there was no supportable allegation that the purchasing corporation was a "mere continuation" of its predecessor, despite its assumption of the predecessor's name and its purchase of specific brokerage accounts from the predecessor. The facts adduced in the present case show even less of a corporate continuity between West Coast and Hendy than in *Ladjevardian.*

This motion under Rule 12(b)(6), Fed.R. Civ.P., treated as a motion for summary judgment under Rule 56, Fed.R.Civ.P., *Lasker v. Burks*, 426 F.Supp. 844, 848 (S.D. N.Y.1977), *rev'd on other grounds*, 567 F.2d 1208 (2d Cir. 1978), *rev'd on other grounds*, 441 U.S. 471, 99 S.Ct. 1831, 60 L.Ed.2d 404 (1979), should be granted only if "there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Rule 56(c), Fed.R.Civ.P. This court is required to examine the pleadings and the affidavits in the light most favorable to Mrs. Groover, the party opposing the motion. *Poller v. Columbia Broadcasting Co.*, 368 U.S. 464, 473, 82 S.Ct. 486, 7 L.Ed.2d 458 (1962). The court "must resolve all ambiguities and draw all reasonable inferences in favor of the party against whom summary judgment is sought . . ." *Heyman v. Commerce and Industry Insurance Co.*, 524 F.2d 1317, 1320 (2d Cir. 1975).

The court has concluded that in light of this standard, summary judgment is appropriate in this case. Plaintiff has failed to adduce any facts to establish that West Coast was her husband's employer. No facts have been alleged in the pleadings or presented to establish either that West Coast had succeeded to the rights and liabilities of Hendy, Mr. Groover's employer, or that West Coast represented a mere continuation of Hendy. Accordingly, no cause of action has been stated under 46 U.S.C. § 688.

Defendant's motion for summary judgment is granted. Defendant shall, within ten (10) days hereof, submit a judgment, on notice, consistent with this opinion. Pretrial orders in the related case *Groover v. Banker's Trust, Pittsburgh Plate Glass Industries, Inc.*, and *Hendy International Co.*, 78 Civ. 914, will be due on October 15, 1979.

IT IS SO ORDERED.

---

1. The availability of relief against Hendy distinguishes this case from *Golden State Bottling Co. v. NLRB*, 414 U.S. 168, 184–85, 94 S.Ct. 414, 38 L.Ed.2d 388 (1973), in which the court required a successor corporation to remedy labor practices of its predecessor. The successor corporation had continued the predecessor's business operations uninterrupted. Thus in *Golden*, unlike the instant case, upon the sale of its assets the predecessor corporation became incapable of remedying its unfair labor practices; only the successor could afford relief to aggrieved workers.

Nothing in this opinion will limit supplementary proceedings by plaintiff against West Coast Shipping should plaintiff be unsuccessful in recovering any subsequent judgment from Hendy.